IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Ashely S. Griffith,                         )
                                            )   C/A No. 3:14-2088-MBS
                        Plaintiff,          )
                                            )
        vs.                                 )
                                            )
MetLife Group, Inc.,                        )
                                            )
                        Defendant.          )
_____    )

Ashely S. Griffith,                         )
                                            )   C/A No. 3:14-3525-MBS
                        Plaintiff,          )
                                            )
        vs.                                 )
                                            )
Metropolitan Life Insurance Company,        )
                                            )
                        Defendant.          )
_____    )

## ORDER AND OPINION

Plaintiff Ashely S. Griffith filed an action in the Court of Common Pleas for Richland

County, South Carolina, on April 9, 2014, alleging that Defendant MetLife Group, Inc. (MetLife")

denied her benefits under a dental insurance policy held by her father, George R. Griffith, as part of

the Alphanumeric Systems, Inc Welfare Benefit Plan (the "Plan").  Plaintiff asserts a cause of action

for bad faith refusal to pay benefits.  MetLife removed the case to this court on May 29, 2014 on the

grounds of preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1132(a) and 29 U.S.C. § 1144(a).  See Griffith v. MetLife Group, Inc., C/A No. 3:14-2088-

MBS.  In accordance with the court's ERISA Case Management Order issued May 30, 2014,

MetLife filed a certification on August 5, 2005.  MetLife informed the court that Plaintiff took the

position that the case should be remanded to state court. Emails attached to MetLife's certification reveal that counsel for Plaintiff contends Plaintiff has the absolute right to pick between state and federal court based upon a venue selection provision in the dental insurance policy. Plaintiff's counsel asserted that the removed action is a nullity, and that Plaintiff elected to file a new case is state court rather than contesting the removed action.

On August 4, 2014, Plaintiff filed an action in the Court of Common Pleas for Richland County against Metropolitan Life Insurance Company ("Metropolitan"). Plaintiff asserts that Metropolitan removed the April 9, 2014 complaint to this court in bad faith and refused to remand the case in derogation of Plaintiff's rights under the dental insurance policy. Metropolitan removed the second action to this court on September 3, 2014. See Griffth v. Metropolitan Life Ins. Co., C/A No. 3:14-2088-MBS.

These matters currently are before the court on motion to dismiss for failure to state a claim and motion to strike or consolidate in C/A No. 3:14-3325, which motion was filed by Metropolitan on September 15, 2014. Also before the court is motion to dismiss for lack of prosecution or, in the alternative, for summary judgment in C/A No. 3:14-2088, which motion was filed by MetLife on September 24, 2014. Plaintiff has filed no response to either motion. Thus, both motions are unopposed. See Local Civil Rule 7.06, D.S.C.

I. DISCUSSION

A.    Metropolitan's Motion to Dismiss (C/A No. 3:14-3525)

Metropolitan moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Smith v. McCarthy, 349 F. App'x 851, 856 (4th Cir. 2009) (quoting Erickson v.

<u>Pardus</u>, 551 U.S. 89, 94 (2007)). A complaint need only "'give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests.'" <u>Tobey v. Jones</u>, 706 F.3d 379, 387 (4th Cir. 2013)

(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007)). A Rule 12(b)(6) motion to

dismiss "'does not resolve contests surrounding facts, the merits of a claim, or the applicability of

defenses.'" <u>Id.</u> (quoting <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1991)).

However, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'

with the complaint having 'enough facts to state a claim to relief that is plausible on its face.'" <u>Smith</u>

at *2 (quoting <u>Twombly</u>, 550 U.S. at 555). "'[T]he tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions' and '[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements,' are insufficient."

<u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

　　　　Plaintiff asserts a single cause of action for "insurance bad faith" in C/A No. 3:14-3525,

based upon the following factual allegations:

## FACTUAL ALLEGATIONS

5.　　At times relevant to this matter, Plaintiff was an insured under a policy of
dental insurance issued by MetLife.

6.　　Two major disputes arose between Plaintiff and MetLife. One was a bad faith
claim regarding her eligibility for benefits under the policy, while the other arose
from MetLife's failure to provide certain documents and information to Plaintiff.
The first dispute will be referred to as the "Bad Faith Claim" while the second
dispute will be referred to as the "Daily Penalty Claim."

7.　　The insurance policy provides that Plaintiff has the right to bring the Bad
Faith Claim in state court or federal court at her option.

8.　　The insurance policy requires that Plaintiff bring any lawsuit on the Daily
Penalty Claim in federal court.

3

9.      Pursuant to Plaintiff's rights under the policy, Plaintiff brought the Bad Faith Claim in state court.  Specifically, Plaintiff filed an action captioned Ashely S. Griffith v. Metlife Group, Inc., Case No. 2014-CP-40-2301 in the Richland County Court of Common Pleas on April 9, 2014.

10.     In direct violation of Plaintiff's rights under the policy, Metlife removed the Bad Faith Claim to federal court shortly thereafter.

11.     On August 3, 2014, Plaintiff requested that Metlife consent to remand the Bad Faith Claim to state court.  Metlife was required by the policy to consent to remand but expressly refused to do so in an email communication sent by their counsel to Plaintiff's counsel on August 4, 2014.

12.     Plaintiff elects not to contest the removed Bad Faith Claim in federal court as Plaintiff has no obligation to do so.  Plaintiff was entitled to select the state court venue and did so, yet Metlife expressly deprived Plaintiff of the right to select that venue in clear bad faith.  Plaintiff has no obligation to fight the case in a venue that she had the right to avoid.

13.     Plaintiff's actual damages in this particular lawsuit are the lost value of the Bad Faith Claim in state court, which includes all actual and exemplary damages and other recoveries available in that action.  Plaintiff is entitled to exemplary damages on top of that sum in this case.

ECF No. 1-1.

Metropolitan contends that, among other things, Plaintiff's complaint in C/A No. 3:14-3525 fails to allege any facts for imposing liability and that there exists no recognized cause of action for the wrongful removal of a civil matter from state court to federal court.[1]  Metropolitan concedes that the policy at issue advises the participants that claims for benefits may be brought in state court;

---

[1] There is no contention that the court lacks jurisdiction over Plaintiff's claim in C/A No. 3:14-3525. Plaintiff's cause of action is completely preempted by ERISA.  Complete preemption arises when a plaintiff's state law claim comes within the scope of 29 U.S.C. § 1132(a).  Section 1132(a) authorizes plan participants or beneficiaries "to file civil actions to, among other things, recover benefits, enforce rights conferred by an ERISA plan, remedy breaches of fiduciary duty, clarify rights to benefits, and enjoin violations of ERISA." Moon v. BWX Tech., Inc., 498 F. App'x 268, 273 (4th Cir. 2012) (quoting Marks v. Watters, 322 F.3d 316, 323 (4th Cir.2003)).  Plaintiff seeks to recover benefits and enforce rights under her father's employee welfare benefit plan as defined in 29 U.S.C. § 1002(1)(a).  She asserts, however, that she is entitled to her choice of forum in state court.

however, Metropolitan argues that neither the policy language nor the ERISA statutes deprive Metropolitan of its right to remove the action to federal court.

In Whitfield v. Fed. Crop Ins. Corp., 557 F.2d 413, 414 (4th Cir. 1977), a plaintiff brought an action involving the Federal Crop Insurance Act in state court pursuant to 7 U.S.C. § 1508(c), which at that time provided:

> In the event that any claim for indemnity under the provisions of this chapter is denied by the Corporation, an action on such claim may be brought against the Corporation in the United States district court, or in any court of record of the State having general jurisdiction, sitting in the district or county in which the insured farm is located, and jurisdiction is conferred upon such district courts to determine such controversies without regard to the amount of controversy.[2]

The Federal Crop Insurance Corporation removed the case, and the district court denied the plaintiff's motion to remand. On appeal, the Court of Appeals for the Fourth Circuit noted that nothing in § 1508(c) gave the plaintiff the right to bring his suit in state court and keep it there. Whitfield, 557 F.2d at 414. The Fourth Circuit held that because § 1508 did not expressly provide that actions brought in state courts may not be removed to federal courts, removal was proper. Whitfield, 557 F.2d at 414.

Similarly, in this case, there is nothing in the ERISA statutes that expressly provides actions in state courts cannot be removed to federal courts. Plaintiff's complaint fails to state a claim upon which relief may be granted.[3] Metropolitan's motion to dismiss is granted.

----

[2] Section 1508(j)(2)(A) currently provides that "if a claim for indemnity is denied by the Corporation or an approved provider on behalf of the Corporation, an action on the claim may be brought against the Corporation or Secretary only in the United States district court for the district in which the insured farm is located."

[3] Plaintiff's proper avenue would have been to move to remand and seek expenses incurred as a result of the removal. See 28 U.S.C. § 1447(c). However improper removal arises only when a cursory examination of the applicable law would have revealed that the federal court does not have

B.    MetLife's Motion for Summary Judgment (C/A No. 3:14-2088)

MetLife moves for summary judgment pursuant to Fed. R. Civ. P. 56.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).[4]

In the ERISA context, courts conduct de novo review of an administrator's denial of benefits unless the plan grants the administrator discretion to determine a claimant's eligibility for benefits, in which case the administrator's decision is reviewed for abuse of discretion. Cosey v. Prudential Ins. Co., 735 F.3d 161, 165 (4th Cir. 2013) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989); Williams v. Metro. Life Ins. Co., 609 F.3d 622, 629–30 (4th Cir.2010)).  A reviewing court will reverse or remand an ERISA administrator's discretionary decision if it is not

───────────────

jurisdiction[.]" Husk v. E.I. DuPont De Nemours & Co., 842 F. Supp. 895, 899 n.6 (S.D.W. Va. 1994).  Such is not the case here.

[4]As with C/A No. 3:14-3525, there is no argument that the court lacks jurisdiction.  As with C/A No. 3:14-3525, Plaintiff seeks to recover benefits and enforce rights under her father's employee welfare benefit plan as defined in 29 U.S.C. § 1002(1)(a). The complaint was properly removed as completely preempted by ERISA.  Plaintiff's contention is that she is entitled under the Plan to her choice of forum.  The court rejects this contention for the reasons stated above.

reasonable, although not necessarily irrational, if it is not the result of a deliberate, principled reasoning process supported by substantial evidence, or if it does not reflect careful attention to the language of the plan and ERISA itself. Savani v. Washington Safety Mgmt. Solutions, 474 F. App'x 310 (4th Cir. 2012) (citing Evans v. Eaton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008)). Judicial review for abuse of discretion is guided by consideration of the eight nonexhaustive factors set forth in Booth v. Wal-Mart Stores, Inc. Assoc. Health & Welfare Plan, 201 F.3d 335, 342-43 (4th Cir. 2000):

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

MetLife is a fiduciary under the Plan, and is accorded discretionary authority, as follows:

> Discretionary Authority of Plan Administrator
> and Other Plan Fiduciaries
>
> In carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary capricious.

Thus, the court must determine whether MetLife abused its discretion in denying benefits to Plaintiff under the dental insurance policy.

Under the dental insurance policy, coverage is provided each child who is: (1) under age 19 and unmarried; or (2) under age 23 and unmarried, supported by the employee, not employed full-

time, and a full-time student at an accredited school, college, or university. ECF No. 10-2, 30. Dental expense claim forms provided by MetLife show that Plaintiff received dental treatment in February and March 2012. At the time of treatment, Plaintiff was 22 years old, unmarried, and living at her father's address. ECF No. 10-1, 14-17. MetLife sought information from Plaintiff's father as to whether Plaintiff was a full-time student and the name and location of her school. ECF No. 10-1, 6. MetLife also provided a notice to Plaintiff's father regarding the procedure for requesting a review of any adverse determination. ECF No. 10-1, 7. MetLife contends that it received no response to its inquiry and therefore denied Plaintiff's claim for dental coverage. MetLife further states that no appeal was ever filed on Plaintiff's behalf. Plaintiff does not dispute these assertions.

The only evidence before this court is that Plaintiff was not eligible for benefits under the dental insurance policy. The court concludes that MetLife made a principled decision consistent with the plain language of plan documents and within the scope of discretion conferred by the plan. MetLife's motion for summary judgment is granted.

## II.  CONCLUSION

For the reasons stated, Metropolitan's motion to dismiss (ECF No. 9 in C/A No. 3:14-2525) is **granted**. MetLife's motion for summary judgment (ECF No. 9 in C/A No. 3:14-2088) also is **granted**.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

October 28, 2014

8